## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 19 2018, 9:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bryan Lee Jordan,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

April 19, 2018

Court of Appeals Case No.
18A-CR-89

Appeal from the Tippecanoe
Superior Court

The Honorable Steven P. Meyer,
Judge

Trial Court Cause No.
79D02-1703-F5-34

**Najam, Judge.**

## Statement of the Case

Bryan Lee Jordan appeals his sentence following his convictions for possession of methamphetamine, as a Level 6 felony, and possession of a narcotic drug, as a Level 6 felony. Jordan presents a single issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offenses and his character. We affirm.

## Facts and Procedural History

On July 14, 2016, a Lafayette Police Department officer conducted a traffic stop after he saw Jordan, whose driver's license was then suspended, driving a car. When the officer smelled marijuana coming from Jordan's car, two officers searched the car and found methamphetamine, a pill containing hydrocodone, marijuana, and a handgun. The State charged Jordan with possession of methamphetamine, as a Level 5 felony; possession of a narcotic drug, as a Level 5 felony; two counts of carrying a handgun without a license, one as a Level 5 felony and one as a Class A misdemeanor; and two other misdemeanors.

On August 18, 2017, Jordan pleaded guilty to possession of methamphetamine, as a Level 6 felony, and possession of a narcotic, as a Level 6 felony. In exchange for that guilty plea, the State dismissed the remaining charges. The trial court entered judgment of conviction accordingly and sentenced Jordan to concurrent sentences of two years in the Department of Correction. This appeal ensued.

# Discussion and Decision

Jordan contends that his sentence is inappropriate in light of the nature of the offenses and his character. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The Indiana Supreme Court has recently explained that:

> The principal role of appellate review should be to attempt to leaven the outliers . . . but not achieve a perceived "correct" result in each case. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Defendant has the burden to persuade us that the sentence imposed by the trial court is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind.), as amended (July 10, 2007), *decision clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

*Shoun v. State*, 67 N.E.3d 635, 642 (Ind. 2017) (omission in original).

Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell*, 895 N.E.2d at 1222. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id*. at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless

overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[6] Jordan maintains that his sentence is inappropriate in light of the nature of the offenses. In particular, he asserts that the offenses "are not more egregious than the 'typical' offense." Appellant's Br. at 8. Be that as it may, we consider both the nature of the offenses *and* Jordan's character in our review, *see Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008), and Jordan's bad character persuades us that his sentence is not inappropriate.

[7] At the time of the sentencing hearing, Jordan's criminal history included convictions for six felonies and twenty misdemeanors, and he was serving a twenty-six-year sentence, which included a habitual offender enhancement, for other convictions. Jordan has been found to have violated the terms of his probation five times, and he was out on bond for another offense at the time of the instant offenses. Further, Jordan admits to a history of substance abuse, which he has been unable to overcome despite court-ordered participation in multiple substance abuse programs. We cannot say that Jordan's sentence is inappropriate in light of his character.

[8] Affirmed.

Riley, J., and Altice, J., concur.